UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tammy Renee Henderson, | ) | Civil Action No.: 4:25-cv-00576-RMG-TER |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| -vs- | ) | |
| | ) | |
| Frank Bisignano,[1] | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

**I. RELEVANT BACKGROUND**

**A.     Procedural History**

Plaintiff filed an application for DIB and SSI in December 2020, alleging inability to work since December 2020 (Tr. 14). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in November 2023, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 14). The Administrative Law Judge (ALJ) issued an unfavorable decision on January 11, 2024, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 14-25). Plaintiff filed a request for review of the ALJ's decision. The

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted.

Appeals Council denied the request for review in December 2024, making the ALJ's decision the Commissioner's final decision. (Tr.1-3). Plaintiff filed this action in January 2025. (ECF No. 1).

**B.    Background**

    **1.    Introductory Facts**

Plaintiff was born in March 1977 and was forty-three years old at the time of the alleged onset. (Tr. 23). Plaintiff has past work experience as a janitor and industrial cleaner. (Tr. 23). Plaintiff alleges disability originally due to congestive heart failure and asthma. (Tr. 60). Pertinent records will be addressed under the relevant issue headings.

    **2.    The ALJ's Decision**

In the decision of January 11, 2024, the ALJ made the following findings of fact and conclusions of law (Tr. 14-25):

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2024 (Exhibit 12D).

2. The claimant has not engaged in substantial gainful activity since December 17, 2020, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq.)*.

3. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease of the right knee, congestive heart failure, hypertension, asthma, anemia, and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can never climb; can occasionally balance, stoop, kneel, crouch, and crawl; can

>   frequently tolerate exposure to extreme cold/heat, humidity, and pulmonary irritants; and should have no exposure to workplace hazards.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 23, 1977, and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 17, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ's analysis of Dr. Ezman's opinions does not comply with the required regulatory analysis. (ECF No. 14 at 27-29). Plaintiff argues the ALJ failed to properly evaluate joint pain, shortness of breath, and fatigue in performing the subjective symptom evaluation. (ECF No. 14 at 18). Plaintiff argues the ALJ wrongfully discounted Plaintiff's testimony regarding the frequency of vomiting and headaches, citing only an OCR search of the record; Defendant notes some episodes of vomiting predated the alleged onset date or were viral caused and that many of the headache cites are before the relevant period, in past history, or duplicates. (ECF No. 14 at 29); (ECF

No. 16 at 17-20). Plaintiff argues: "The ALJ completely disregarded Plaintiff's depression and anxiety, and generally diminished her memory and concentration issues." (ECF No. 14 at 30). Despite Plaintiff regularly getting treatment as displayed in the 1,479 page record, Plaintiff argues the ALJ failed to address lack of insurance and lack of medical evidence under *Lovejoy* because page 1439 in the record stated "going to refer her to pulmonologist once she got insurance." (ECF No. 14 at 30-33).

Defendant argues the ALJ's analysis here was sufficient, was in accordance with the applicable law, and Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence.

A.  **LEGAL FRAMEWORK**

   1.  **The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether

he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA.  *See* 20 C.F.R. § 404.1520.  These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis.  If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work.  See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982).  The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do.  The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525.  If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment.  20 C.F.R. § 404.1520(a)(4)(iii).  To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

    **2.    The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound

foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.     ANALYSIS

**Opinions: Dr. Ezman**

Plaintiff argues the ALJ erred in evaluating the opinions of Dr. Ezman. (ECF No. 14 at 27-29).

For applications filed on or after March 27, 2017, such as this action, the regulatory framework for considering and articulating the value of medical opinions has been changed. *See* 20 C.F.R. § 404.1520c; *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (revisions to medical evidence rules dated Jan. 18, 2017, and effective for claims filed after Mar. 27, 2017). Importantly, the new regulations no longer require any special significance be given to opinions by a treating physician. *See* 20 C.F.R. § 404.1527 (noting that the treating physician rule only applies to claims filed before March 27, 2017). The ALJ is not required to defer to or give any specific weight to medical opinions. 20 C.F.R. § 404.1520c(a). Instead, the ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant(length, frequency, purpose, extent, and examining); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. 20 C.F.R. § 404.1520c(a), (b)(2). An ALJ is not

required to explain how the remaining factors were considered. 20 C.F.R. § 404.1520c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Important to the facts of this action, the court "cannot fill in the blanks for the ALJ" where an ALJ fails to address one of the most important factors, either consistency or supportability. *Airrion Y. v. O'Malley*, 2024 WL 1014188, at *5 (M.D.N.C. Mar. 8, 2024)(internal quotations and citations omitted). While "magic words" are not required, the analysis is only sufficient where the ALJ plainly considered each of the two most important factors clearly enough for the court to meaningfully review it. *Id.* "[A] simple review of the record as a whole cannot rectify an error under 20 C.F.R. § 404.1520c(b)(2)." *Id.* Where there is no explanation by the ALJ as to the consistency factor, a court cannot meaningfully review how the ALJ evaluated the factor and whether substantial evidence supports it. *Cantrell v. Kijakazi*, 2022 WL 3335778, at *10 (W.D. Va. Aug. 12, 2022).

The 20 C.F.R. § 404.1520c(c)(2) consistency factor is an outward facing inquiry, looking at whether the particular opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D.S.C. Dec. 8, 2023), *report and recommendation adopted*, 2024 WL 53001 (D.S.C. Jan. 3, 2024)(citing Revisions to Rules, 82 Fed. Reg. at 5853; 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2)). The 20 C.F.R. § 404.1520c(c)(1) supportability factor is an inward facing inquiry looking at the source's opinions

8

in comparison to her own relevant medical evidence and explanations. *Id.* The evidence for one factor is not the same for the other factor. *Id.* A different doctor's notes from the source doctor is irrelevant to the supportability factor but fully relevant to the consistency factor. *Id.* "[E]ach factor necessarily requires an ALJ to look at specific evidence that only pertains to one factor." *Id.* Defendant erroneously cites to Dr Ezman's own notes in addressing the consistency factor. (ECF No. 16 at 15).

Plaintiff makes arguments regarding both the supportability and consistency factors. The court does not address the supportability factor argument, as the lack of the consistency factor analysis is a sufficient basis for remand; upon remand, the ALJ should reconsider the supportability factor as well.

In October 2023, Dr. Ezman opined Plaintiff's symptoms/limitations were present to such a degree that Plaintiff would be distracted in job settings and be impaired in ability to perform daily activities and/or work. (Tr. 1476). Dr. Ezman opined Plaintiff's symptoms/restrictions would likely increase with physical activity and Plaintiff required frequent rest periods. (Tr. 1476). Dr. Ezman opined Plaintiff would be precluded from full time work as she could not stand/walk two hours and sit six hours a day. (Tr. 1477). Plaintiff needed unscheduled breaks during the work day. (Tr. 1477). Plaintiff would be absent more than four times a month. (Tr. 1477).

The ALJ found:

> In October 2023, Alfred Ezman, M.D., the claimant's primary care physician, opined that the claimant suffered from medical conditions, that would cause her to experience symptoms that would limit her residual functional capacity to perform substantial gainful activity. He opined that the symptoms/limitations were present to such a degree that it would distract her in job settings and elsewhere and impair her ability to perform daily activities and/or work. He further opined that the claimant's symptoms would likely increase with physical activity and would cause her to require

> frequent rest periods. He indicated that, in his medical opinion, the claimant would not be capable of full-time work, even at a sedentary level. He also indicated the claimant would need to take unscheduled breaks during an eight-hour workday and would likely be absent more than four times a month from work (Exhibit 23F). This opinion is unpersuasive. He provides no explanation for his limitations with the exception of "per patient" (Exhibit 23F/2). Moreover, his limitations are not supported by his treatment notes. Although largely illegible, his circled examination findings are mostly normal with the exception of occasional wheezing and rhonchi (Exhibit 13F; Exhibit 18F; Exhibit 22F). Finally, it is not consistent with the other evidence of record.

(Tr. 22-23). The final sentence is the only mention of the consistency factor and is only a conclusion with no citation, discussion, or explanation regarding what evidence was inconsistent with Dr. Ezman's opinions. The court does not speculate what evidence the ALJ would have cited. In assessing the consistency factor, the ALJ must consider whether the opinion is "consistent with evidence from sources *other* than [the source of the opinion]." *Marie T. v. O'Malley*, 2024 WL 2114811, at *3 (D. Md. May 10, 2024)(emphasis in original). The ALJ only performed the § 404.1520c(c)(1) supportability factor, an inward facing inquiry; the ALJ only looked at the source's own notes in finding the opinions unpersuasive. The ALJ provided no analysis for the court to review for the § 404.1520c(c)(2) consistency factor, which is the external facing inquiry of the rest of the record in relation to Dr. Ezman's opinions. "[C]onsistency looks "outward" for the purpose of comparing the opinion to other record evidence." *Raushaun F. v. Bisignano*, 2025 WL 2774126, at *5 (D. Md. Sept. 26, 2025). This particular case is not an instance where the court can review the ALJ's opinion as a whole to produce the required considerations. "[A] simple review of the record as a whole cannot rectify an error under 20 C.F.R. § 404.1520c(b)(2)." *Airrion Y. v. O'Malley*, 2024 WL 1014188, at *5 (M.D.N.C. Mar. 8, 2024). The analysis as to Dr. Ezman is simply not present for the required § 404.1520c(c)(2) factor. The court cannot perform this factor for the ALJ in its

absence; the court cannot meaningfully review the ALJ's analysis of Dr. Ezman's opinions without it. "The Court may not 'fill in the blanks for the ALJ[,]' nor may the Court '[h]armoniz[e] conflicting evidence,' or 'bolster[ ] inconclusive findings' as these activities fall outside the scope of review." *Tanzi F. v. Saul*, 2021 WL 3205050, at *8 (E.D. Va. July 8, 2021), *adopted*, 2021 WL 3192162 (E.D. Va. July 28, 2021 (*quoting Patterson v. Comm'r of Soc. Sec. Admin*., 846 F.3d 656, 662-663 (4th Cir. 2017)). The Commissioner's general arguments that there is no particular format for articulation of consideration of the two required factors are unavailing. "There is a fundamental difference between recognizing the existence of medical evidence in the record and providing a meaningful discussion of how that evidence influenced the disability determination." *Brockman v. Kijakazi*, No. 9:22-CV-00274-DCC-MHC, 2023 WL 1933274, at *6 (D.S.C. Jan. 26, 2023), *report and recommendation adopted sub nom*., 2023 WL 1930157 (D.S.C. Feb. 10, 2023). The ALJ here did not make a finding on the 20 C.F.R. 404.1520c(2) consistency factor with citation to substantial evidence or a rationale from the evidence to the conclusion, and on remand, the ALJ should perform both the external facing inquiry factor–consistency, looking at evidence other than the opining doctor's evidence and perform the internal facing inquiry–supportability, looking at the opining doctor's own records. An ALJ is required to explain how he considered the supportability factor and the consistency factor in evaluating opinion evidence. 20 C.F.R. § 404.1520c(a), (b)(2). Resolving[4] conflicting evidence with reasonable explanation is an exercise that falls within the ALJ's

---

[4] "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184, * 7. An ALJ is required to consider "opinions about what the individual can still do despite" impairments In formulating an RFC. SSR 96-8p. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8, *7.

responsibility and is outside the court's scope of review. *See Mascio v. Colvin*, 780 F.3d 632, 637-640 (4th Cir. 2015). It is not the court's "role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, 632 Fed. Appx. 750, 755 (4th Cir. Dec. 17, 2015). Based on the foregoing, the court can not find that the ALJ's decision regarding the evaluation of the opinions of Dr. Ezman is supported by substantial evidence and remand is appropriate.

Upon remand, the ALJ should take into consideration <u>all</u> of Plaintiff's briefed allegations of error and support findings with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

### III.  CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), it is recommended that the Commissioner's decision be reversed and that this matter be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

|  |  |
|---|---|
| November 6, 2025<br>Florence, South Carolina | s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).