# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tammy Renee Henderson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:25-576-RMG |
| vs. ) | |
| ) | |
| Frank Bisignano, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 6, 2025, recommending that the Commissioner's decision be reversed and remanded to the agency for further review because the Administrative Law Judge ("ALJ") failed to perform an adequate consistency analysis to explain what evidence was inconsistent with the opinions of a treating physician, Dr. Ezman. (Dkt. No. 19). The Commissioner filed an objection the R & R, and Plaintiff filed a reply. (Dkt. Nos. 20, 21). For reasons set forth below, the Court adopts the R & R of the Magistrate Judge as the order of the Court, reverses the decision of the Commissioner, and remands the matter to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The ALJ found that Plaintiff suffered from numerous severe impairments: degenerative disc disease, degenerative joint disease of the right knee, congestive heart failure, hypertension, asthma, anemia, and obesity. The ALJ further found that due to these severe impairments, Plaintiff retained the residual functional capacity to perform less than the full scope of sedentary work, the lowest level of function a claimant may obtain and not be deemed disabled under the Social Security Act.  Under Social Security Rules, a "RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare."  SSR 96-9P, 1996 WL 374185, at *1.

As the Magistrate Judge noted, the two critical issues an ALJ must address in evaluating medical opinions are supportability and consistency.  20 C.F.R. 404.1520c(a), (b)(2).  The Magistrate Judge recommended remand because the ALJ failed to explain how the opinions of Dr. Ezman were inconsistent with the balance of the voluminous record in this matter.  The Magistrate Judge correctly stated, where there is no explanation from the ALJ regarding consistency, "a court cannot meaningfully review how the ALJ evaluated the factor and whether substantial evidence supports it." (Dkt. No. 19 at 8).   The Magistrate Judge recommended reversal and remand on the basis of the inadequate consistency analysis, but stated that "[u]pon remand, the ALJ should take into consideration all of the Plaintiff's briefed allegations of error and support findings with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions." (*Id.* at 12) (emphasis in the original).

The Commissioner's objections to the R & R are a plain effort to provide post hoc rationalizations for the clearly inadequate consistency analysis.  It is not the job of the

Commissioner's attorneys, the Magistrate Judge, or this Court to provide the reasoning and citations necessary to perform an appropriate consistency analysis. This is uniquely the responsibility of the ALJ as the fact finder under the Social Security appeal process.

Further, the Commissioner's counsel misleadingly states that the Magistrate Judge "found no basis for remand with respect to Plaintiff's remaining assertions of error." (Dkt. No. 20 at 3). As referenced above, the Magistrate Judge explicitly stated he was not addressing the remaining assertions of error of the Plaintiff and directed on remand a careful review of those other issues. (Dkt. No. 19 at 12). The Court has reviewed the additional assertions of error raised by Plaintiff on appeal and note that they raise significant issues that could be outcome determinative on further review. This is particularly true here where any additional error by the ALJ could easily render Plaintiff disabled in light of her marginal RFC of less than the full scope of sedentary work.

## Conclusion

Based upon a review of the record, the decision of the ALJ, the R & R of the Magistrate Judge, and the controlling legal standards, the Court **ADOPTS** the R & R (Dkt. No. 19) as the order of the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for further processing consistent with this order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 3, 2025